UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Lutheran Brotherhood and
Lutheran Brotherhood Variable Insurance
Products Company,

Plaintiffs,

vs.

American International Specialty Lines
Insurance Company, National Union Fire
Insurance Company of Pittsburgh, PA.,
Continental Casualty Company, and Executive
Risk Specialty Insurance Company,

Defendants.

Court File No. 00-CV-367 PAM/JGL

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

Lutheran Brotherhood, Lutheran Brotherhood Variable Insurance Products Company, National Union Fire Insurance Company of Pittsburgh, PA, American International Specialty Lines Insurance Company, Continental Casualty Company, and Executive Risk Specialty Insurance Company (hereafter a "party" or collectively, the "parties"), hereby stipulate:

1. The purpose of this Stipulated Protective Order is to facilitate expeditious discovery and exchange of information and documents in this litigation and protect the interests of the parties in their confidential and commercially-sensitive information and documents in accordance with Fed.R.Civ.P. 26(c)(7).

2. All documents shown to the parties as part of a document disclosure or production shall be treated as confidential. Documents chosen by the parties for copying shall be specifically stamped or otherwise marked by the producer or its agents as "Confidential"

FILED JUL 26 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

to the extent that the document produced is deemed to be a confidential document.

3. This "Confidential" information shall be used solely for the purpose of this action (including any appeals), and not in any other litigation, and not for any business or other purpose whatsoever. "Confidential" information may not be disclosed to anyone unless expressly provided for herein.

a. A party may, without any waiver of "Confidential" status, disclose to any person "Confidential" information of which it is the source.

b. A party may disclose "Confidential" information of which it is not the source as follows:

(1) "Confidential" information may be used in the taking of testimony at, or in defending, any deposition, hearing or trial in this action.

(2) "Confidential" information may be used in any oral or written argument in the case.

(3) "Confidential" information may be shown to any witness or potential witness in interviews or in preparation for any deposition, hearing or trial, and at any deposition, hearing or trial.

(4) "Confidential" information may be disclosed to the Court and its personnel, including court reporters.

(5) "Confidential" information may be disclosed to employees and members of the parties' counsel of record, including in-house counsel.

(6) "Confidential" information may be disclosed to experts and independent consultants engaged by the parties' counsel of record and to employees of such experts or consultants, after they have signed a non-disclosure agreement as set forth in Paragraph 4 of this Agreement.

(7) "Confidential" information may be disclosed to the parties, including officers, directors, and employees, both present and former, who are providing assistance to counsel in the defense of this matter.

(8) "Confidential" information may be disclosed to any other person if (i) the parties agree after conferring in good faith that the person may have access to "Confidential" information; or (ii) the Court orders upon Motion with good cause shown that the person may have access to "Confidential" information.

4. Except as otherwise provided in this Order, any disclosure or dissemination of "Confidential" information shall be preceded by execution of a declaration substantially in the following form:

> I, (name), understand that documents and information, which are to be disclosed to me by counsel of record for (name of party) are to be used by me solely to assist such counsel in prosecution or defense of claims involved in or related to the action, Lutheran Brotherhood, et al. v. American International Specialty Lines Insurance Company, et al., Civil No. 00-CV-367-PAM/JGL, United States District Court for the District of Minnesota. I further understand that a Protective Order entered by the Court, a copy of which had been shown to me, prohibits me from either using such documents and information for any other purpose or disclosing such documents and information to any person other than counsel of record for (name of party) or persons assisting them. In accepting disclosure, I agree to be bound by that

Protective Order and submit to the jurisdiction of the Court of the purposes of its enforcement.

Copies of these declarations shall, upon request, be exchanged by counsel after the final resolution of this litigation. Although the confidentiality requirements of this Protective Order shall in all other respects apply to the following persons, such declarations shall not be required of:

a. Counsel of record and legal, paralegal, clerical, secretarial, and other persons employed by counsel of record for any party on a regular basis and not solely for purposes of the instant litigation; and

b. The parties, or their employees, officers, and directors, to the extent such disclosure is necessary for the carrying out of their respective duties in connection with this litigation.

5. If it becomes necessary for a party to file 'Confidential" information with the Court, either directly or as part of another paper, the party shall file the papers in a sealed container labeled substantially as follows:

> PROTECTED DOCUMENT – FILED UNDER SEAL
> The enclosed materials are subject to a Protective Order of the United States District Court for the District of Minnesota. This container shall not be opened by any person other than the Court, the Court's personnel, or Counsel of Record, without Court Order.

The Clerk of the Court shall accept for filing under seal, and shall file under seal, any information as presented for filing, and shall maintain the material under seal pending any further order of the Court, however, that no further order shall be required for the

Court, the Court's personnel, or Counsel of Record to have access to the material in the ordinary course of business and/or for purposes of this litigation.

6. Counsel of record shall retain throughout this litigation the non-disclosure agreements executed by parties receiving "Confidential" information pursuant to this Protective Order, and shall then exchange them upon request at the conclusion of the litigation. If any party has good cause to believe that another party has improperly disclosed "Confidential" information, it may move for an order allowing it to inspect the non-disclosure agreements before the conclusion of the litigation.

7. At the conclusion of this litigation, everyone other than counsel of record to whom "Confidential" information has been disclosed pursuant to paragraph 4 above shall return that information to the counsel of record who disclosed it; counsel of record shall then arrange for the return of all 'Confidential" information and all copies thereof to the party that designated the information as "Confidential", or shall, at the option of the designating party, arrange for the "Confidential" information and all copies thereof to be destroyed. Upon request, counsel of record shall certify in writing that they have complied with this paragraph. If requested to do so by the counsel of record who disclosed "Confidential" information to them, persons other than counsel of record to whom "Confidential" information has been disclosed also shall certify in writing that they have complied with this paragraph.

8. Nothing in this Protective Order shall affect the right of any party to seek greater protection than that provided for herein for any information.

9. This Protective Order shall be binding on any other or future party to this litigation.

10. This Protective Order shall continue in force after the completion of this litigation.

11. This Protective Order shall not prohibit a party from disclosing "Confidential" information in response to a subpoena duly served on the party, provided that the subpoenaed party notifies the designating party, in writing, prior to disclosure and within two (2) business days of receipt of the subpoena, to allow the designating party the opportunity to object or respond to the subpoena, and further provided that the subpoenaed party shall not disclose the "Confidential" information prior to the later of the conclusion of ten (10) days after notice of the subpoena to the designating party, or the time in which the Court rules on any motion objecting to the subpoena filed by the designating party within such ten (10) day period.

12. Information disclosed at a deposition in this action may be designated by a party as "confidential" by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Agreement. A party may also designate information disclosed at such deposition as "confidential" by notifying the parties in writing within fifteen (15) days of receipt of the complete transcript of the deponent, of the specific pages and lines of the transcript which are confidential. Each party shall attach a copy of such written statement to the back of the transcript and each copy thereof in its possession, custody, or control. Each deposition taken after entry of the Agreement shall be treated as confidential for a period of fifteen (15) days after receipt of the

complete transcript of the deponent.

13. This Stipulated Protective Order Regarding Confidentiality shall be without prejudice to the right of any party to contest the confidential or privileged status of any information disclosed in this litigation. Inadvertent production of a document otherwise subject to protection under the attorney-client privilege or the attorney work product doctrine shall not be deemed a waiver of said privilege. Any party who contends that such a document was inadvertently produced shall notify the other parties within ten (10) days of its discovery of such inadvertent production. All copies of the inadvertently produced document shall be promptly returned to the producing party, unless the party to which the document was inadvertently produced moves within ten (10) days from receipt of notification to compel production of such document on the ground that the document is properly subject to production. However, the moving party may not rely upon the inadvertent production of the document to claim waiver of the asserted privilege. No such documents shall be copied or distributed until resolution of the privilege issue by the Court.

14. The production of a document that a party believes to fall within any privilege or immunity shall not constitute a categorical waiver of such privilege or immunity, and for purposes of and in this litigation, the non-producing party shall not assert that such production constitutes a waiver of such privilege or immunity with respect to any other documents.

15. In entering into this Protective Order, the parties preserve all rights and objections they may have to the use in this lawsuit of "Confidential" information.

SO STIPULATED.

Dated: July 24, 2000.

OPPENHEIMER WOLFF & DONNELLY LLP

By ______________________
Jeffrey Bouslog
Elliott Flies
Rikke Dierssen-Morice
3400 Plaza VII
45 South Seventh Street
Minneapolis, MN 55402
Telephone: 612-607-7000
Facsimile: 612-607-7100

ZELLE, HOFMANN, VOELBEL & GETTE LLP

By ______________________
Jeff Ross
Michael Cashman
Terrance C. Newby
4400 City Center
33 South Sixth Street
Minneapolis, MN 55402
Telephone: 612-339-2020
Facsimile: 612-336-9100

SO ORDERED:

This 26 day of July, 2000.

______________________
The Honorable ______________________
United States District Court Judge

**CERTIFICATE OF SERVICE**

I, Rikke Dierssen-Morice, one of the attorneys for Lutheran Brotherhood and Lutheran Brotherhood Variable Insurance Products Company, do hereby certify that I have this day caused to be served by United States Mail, a true and correct copy of the foregoing **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY** on the within named counsel, addressed to:

Michael R. Cashman, Esq.
Zelle, Hoffman, Voelbel & Gette
33 South Sixth Street
City Center, Suite 4400
Minneapolis, MN 55402

Paul Vitrano, Esq.
Cathy A. Simon, Esq.
Ross, Dixon & Bell
601 Pennsylvania Avenue, N.W.
North Building
Washington, D.C. 20004

Jon Jay, Esq.
Patterson & Keogh PA
80 South Eighth Street
Minneapolis, MN 55402

Peter Bisio, Esq.
Hogan & Hartson
Columbia Square
555 – 13th Street, N.W.
Washington, D.C. 20004

Jordeen Kozlak, Esq.
Greene, Espel PLLP
333 South Seventh Street
Minneapolis, MN 55402

Dated: July 24, 2000

Rikke Dierssen-Morice

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

B:\FORMS\PROTECOR.NOT
Rev. 8/92