**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**LUTHERAN BROTHERHOOD VARIABLE INSURANCE PRODUCTS COMPANY,**

Plaintiff,

v.

**AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH; CONTINENTAL CASUALTY COMPANY; and EXECUTIVE RISK SPECIALTY INSURANCE COMPANY,**

Defendants.

Civil No. 00-367 (PAM/JGL)

**ORDER**

---

APPEARANCES

Jeffrey J. Bouslog, Esq. and James M. Jorissen, Esq., on behalf of Plaintiff.

Michael R. Cashman, Esq. and Adam Gislason, Esq., on behalf of Defendant American International Specialty Lines Insurance Company.

Vicki Fishman, Esq., by telephone, and Jonathan D. Jay, Esq., on behalf of Defendant Continental Casualty Company.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on May 29, 2001, on Defendants' Expedited Motion to Compel Discovery (Doc. No. 81). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED JUN 07 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. BACKGROUND

Plaintiff Lutheran Brotherhood Variable Insurance Products Company ("Lutheran Brotherhood") is engaged in several separate class-action lawsuits ("the underlying actions") involving its policyholders. Lutheran Brotherhood, in turn, holds liability insurance policies with the Defendants, under which it seeks coverage and indemnification for the underlying actions. In the present action, Plaintiff seeks a declaration that Defendants are obliged to pay Plaintiff's defense costs and indemnify Plaintiff in the underlying actions. Defendants bring the present motion to compel, arguing that Plaintiff has not complied with its discovery obligations.

## II. DEFENDANTS' MOTION TO COMPEL

Defendants' motion to compel is denied for several reasons. First, prior to bringing a discovery motion, the moving party must certify that it has in good faith conferred, or attempted to confer, with the opposing party. See D. Minn. LR 37.1. Plaintiff Lutheran Brotherhood avers that Defendants never initiated contact with Plaintiff's counsel to request that the documents be labeled, marked, or segregated in any manner. (Pl.'s Mem. Opp. Defs.' Mot. Compel at 9; Fliés Aff. ¶¶ 8-9.) Plaintiff further asserts that, although Defendants filed the required certification, Defendants made no effort to meet and confer with Plaintiff prior to bringing this motion.

Second, the Court declines to determine whether Plaintiff's responses were adequate because Defendants did not identify the specific responses at issue, nor did Defendants provide the Court with specific grounds as to why each answer was inadequate. The District of Minnesota Local Rule 37.2 governs discovery motions and requires the moving party to include in its memorandum of law, with respect to each disputed interrogatory or request: (1) a verbatim recitation of the interrogatory or request; (2) the verbatim response to the interrogatory or request; and (3) a concise explanation of why the moving party believes each response was improper. See D. Minn. LR 37.2.

Defendants have only attached as exhibits the sets of interrogatories and document requests served on Plaintiff and Plaintiff's responses. The Court cannot meaningfully decide the issues unless it knows exactly which requests are at issue, precisely what has been provided or objected to, and specifically why Defendants claim they are entitled to the relief they seek. Without this information, discerning the propriety of Plaintiff's responses and objections is impossible. Therefore, Defendants' motion to compel is denied.

However, even if Defendants had properly complied with the rules, Defendants' request appears improper. Defendants seek an order compelling Plaintiff to bates stamp all documents produced in response to discovery requests and produce an index to the documents, instead of producing the documents "as kept in the usual course of business." Fed. R.

Civ. P. 34(b). Rule 34 governs the production of documents and requires the producing party to produce the documents "as they are kept in the usual course of business" or the producing party may, at its option, "organize and label them to correspond with the categories in the request." Fed. R. Civ. P. 34(b). Defendants complain that the documents were not produced in the form that Defendants prefer. However, it appears to the Court that Plaintiff complied with the requirements of Rule 34 by producing the documents in the format kept by Plaintiff in the ordinary course of business.

Defendants further request that Plaintiff produce an index to the documents from the underlying litigation. Plaintiff has stated that no such index exists. (Pl.'s Mem. Opp. Defs.' Mot. Compel at 16; Bolkcom Aff. ¶¶ 4, 6.) Furthermore, Rule 34 does not impose a requirement of manufacturing documents at the opposing party's request, nor will this Court impose such an obligation. Accordingly, the Court denies Defendants' motion.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Expedited Motion to Compel (Doc. No. 81) is **DENIED.**

Dated: June 7, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge