**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**LUTHERAN BROTHERHOOD VARIABLE INSURANCE PRODUCTS COMPANY,**

Civil No. 00-367 (PAM/JGL)

Plaintiff,

v.

**ORDER**

**AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH; CONTINENTAL CASUALTY COMPANY; and EXECUTIVE RISK SPECIALTY INSURANCE COMPANY,**

Defendants.

---

APPEARANCES

Jeffery Bouslog, Esq. and Timothy Webb, Esq., on behalf of Plaintiff.

Richard Hagstrom, Esq. and Jeff Ross, Esq., on behalf of Defendants.

---

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

A hearing was held on October 12, 2001, before United States Magistrate Judge Jonathan Lebedoff on Defendants' Motion for Reconsideration of Order Filed on September 12, 2001 (Doc. No. 111). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

**I. FACTS**

Plaintiff Lutheran Brotherhood Variable Insurance Products Company is engaged in several separate class-action lawsuits involving its policyholders. Lutheran Brotherhood holds liability insurance policies with Defendants, under which it seeks coverage and indemnification in this lawsuit. On September 6, 2001, the Court heard oral argument on Plaintiff's Motion to Compel Discovery. In the present action, Defendants urge the Court to reconsider its Order issued as a result of that hearing.

**II. DISCUSSION**

"Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances." D. Minn. LR 7.1(g). Requests for permission must be in the form of a letter to the Court and a copy of the letter must be sent to opposing counsel. See id.

The Court finds that Defendants' motion must be denied for three reasons. First, Defendants did not comply with Local Rule 7.1(g). Calling the Court to request reconsideration is inappropriate. On that basis, alone, the

Court should have refused to entertain the motion. But for the unusual circumstances existing in the Court's Chambers on the day of the phone call, permission to reconsider would not have been granted. Second, Defendants have demonstrated no compelling circumstances which require reconsideration. Defendants merely seek to re-argue the same issues they argued in the motion hearing which led to the Order currently at issue. To the extent that Defendants intend to make new arguments, this is an inappropriate forum. A motion for reconsideration should not be the proverbial "second bite at the apple." Third, it seems that the issues now raised by Defendants can be resolved by good communication between the parties. At the motion hearing, Plaintiff reiterated its willingness to have Defendants "work with us" on discovery issues. Since the deadline for compliance with the September 12, 2001 Order is October 26, 2001, the Court suggests Defendants accept Plaintiff's offer. Consequently, Defendants' motion is denied.

The Court has also considered Plaintiff's request for attorneys' fees. Although the Court acknowledges that the instant motion represents a situation in which attorneys' fees may be appropriate, this Court rarely awards such fees. The Court declines to change its long-standing practice at this time. Accordingly, Plaintiff's request for attorneys' fees is denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration of Order Filed September 12, 2001 (Doc. No. 111) is **DENIED**.

Dated: October ___, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge